UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

ARIC LONDRIE,

         **Plaintiff,**

vs.

                                      CASE NO.:

SOFTWARE PROFESSIONAL
SOLUTIONS, INC.,

         **Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

1. Plaintiff, ARIC LONDRIE, was an employee of Defendant, SOFTWARE PROFESSIONAL SOLUTIONS, INC., (hereinafter referred as "Defendant"), and brings this action for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. Plaintiff was an equipment tester for the Defendant from April 2009 to September, 2009 and performed related activities for Defendant, SOFTWARE PROFESSIONAL SOLUTIONS, INC., in Yuma, Arizona.

3. Defendant, SOFTWARE PROFESSIONAL SOLUTIONS, INC., is a New Jersey corporation that operates and conducts business in, among others, Arizona; and is therefore, within the jurisdiction of this Court.

4. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6. At all material times relevant to this action (2009-2010), Defendant, SOFTWARE PROFESSIONAL SOLUTIONS, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

7. At all material times relevant to this action (2009-2010), Defendant, SOFTWARE PROFESSIONAL SOLUTIONS, INC., made gross earnings of at least $500,000 annually.

8. At all material times relevant to this action (2009-2010), Defendant, SOFTWARE PROFESSIONAL SOLUTIONS, INC., accepted payments from customers based on credit cards issued by out of state banks.

9. At all material times relevant to this action (2009-2010), Defendant, SOFTWARE PROFESSIONAL SOLUTIONS, INC., routinely ordered materials or supplies from out of state vendors. (i.e. products in information technology and telecommunications).

10. At all material times relevant to this action (2009-2010), Defendant, SOFTWARE PROFESSIONAL SOLUTIONS, INC., routinely ordered, loaded, or used supplies from out of state. (i.e. products in information technology and telecommunications).

11. At all material times relevant to this action (2009-2010), Defendant, SOFTWARE PROFESSIONAL SOLUTIONS, INC., have workers engaged in interstate commerce, handling and selling goods that have been moved in interstate commerce. (i.e. Corporate Headquarters are located in New Jersey, with Account Representatives located in the Washington, DC area, Jacksonville, Florida, and Seattle, Washington. SPS offers technical services to Industry, Government and nonprofit organizations nationwide, including Arizona).

12. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

13. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

14. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14 above.

16. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

17. During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for the same.

18. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

19. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

20. Also, Defendant failed to post required FLSA informational listings as required by law.

21. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

22. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 23rd day of ~~January,~~ February, 2011.

Respectfully submitted by,

/s/ Jason Leonard

Jason Leonard, Esquire
AZBN: 018067
Morgan & Morgan, P.A.
12800 University Dr., Ste. 600
Ft. Myers, FL 33907
Telephone: (239) 433-6880
Facsimile: (239) 433-6836
Email: jleonard@forthepeople.com

4